IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2210-D

| | | |
|---|---|---|
| SAMUEL J. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| FRANK PERRY,[1] | ) | |
| | ) | |
| Respondent. | ) | |

On September 25, 2013, Samuel J. Jackson ("Jackson"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1], with supporting exhibits [D.E. 1-1]. Jackson failed to sign his petition [D.E. 3], and on October 3, 2013, Jackson refiled his petition with an original signature [D.E. 4]. Jackson seeks leave to proceed in forma pauperis [D.E. 2]. On January 6, 2014, Jackson moved for a jury trial [D.E. 5].

The court conducts its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It does not plainly appear from the face of the petition that Jackson is not entitled to relief. Thus, the matter is allowed to proceed. However, Jackson's motion for a jury trial lacks merit. Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts permits an evidentiary hearing in the district court's discretion following its review of "the answer, any transcripts and records of state-court proceedings, and any materials

---

[1] Jackson named the State of North Carolina as respondent. Pet. [D.E. 1] 1; Am. Pet. [D.E. 4] 1. Rule 2 of the Rules Governing Section 2254 Cases requires Jackson to name as respondent the state officer having custody over him. Thus, the court substitutes Frank Perry, Secretary of Public Safety. See N.C. Gen. Stat. § 148-4; see, e.g., Brandt v. Gooding, 636 F.3d 124, 128 n.1 (4th Cir. 2011).

submitted under Rule 7." Id.; see Maynard v. Dixon, 943 F.2d 407, 412–13 (4th Cir. 1991). The rule does not provide for a jury trial. To the extent Jackson requests appointment of counsel, see [D.E. 5] 1, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Jackson has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Jackson's request for appointed counsel.

In sum, the court allows the petition to proceed, and DENIES petitioner's motion for a jury trial [D.E. 5]. The clerk is directed to maintain management of the action in accordance with the district plan.

SO ORDERED. This 24 day of May 2014.

JAMES C. DEVER III
Chief United States District Judge

2

Case 5:13-hc-02210-D   Document 6   Filed 05/27/14   Page 2 of 2